Oyez, oyez, oyez. The Honorable Appellate Court, 5th District, State of Illinois, is now in session. The Honorable Justice Bowie presiding, along with Justice Moore and Justice Vaughn. The first case this morning is 522-0730, Victoria Rose, LLC v. City of Alton, etc., et al. Arguing for the appellant is Joseph Harbath. Arguing for the appellees is Gary Meadows. Each side will have 15 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning, counsel. Good morning. Good morning, your honors. Sir Harbath, are you ready to proceed? I am, your honor. Then go right ahead. Good morning, your honors. May it please the court. My name is Joe Harbath and I am the attorney for plaintiff appellant, Victoria Rose, LLC. Victoria Rose owns real estate in the City of Alton and brought the present lawsuit against the defendants under 65 ILCS 5-11-13-15 of the Illinois Municipal Code, challenging the City of Alton's issuance of a building permit to Sunnybrook LP, authorizing the construction of a large housing development adjacent to Victoria Rose's property. The primary question on appeal is whether the defendants, the City of Alton, Sunnybrook LP, Teller Construction, Inc., and Morrissey Construction Company demonstrated that of collateral estoppel. In order to argue this, I will walk the court through both the initial litigation and the current litigation and also provide the arguments for why collateral estoppel should not apply to the current litigation. In 2017, Sunnybrook began the process of building a housing development in the City of Alton consisting of 10 fourplex townhomes and one management building. As part of the development, Sunnybrook sought approval through its applications for building permits and submitted those to Alton. Sunnybrook submitted its first building application on July 31, 2018, and it was denied by the City on August 21, 2018. On November 2, 2018, Sunnybrook then submitted its second application building permit, and this second application provided that the owner of the proposed development was, quote, a to-be-formed limited partnership, end quote, and included an estimated cost of work of a little over $8.5 million. After Sunnybrook filed its initial litigation in the Third Judicial Circuit Court, Madison County, case number 18-MR-884 styled Sunnybrook LP versus the City of Alton, and it consisted of, among other causes of action, a mandamus action against Alton for approval of Sunnybrook's second building applications. One of the issues raised in the initial litigation was Alton's claim that to receive was required to go through the plan development procedure process under the Code of Ordinance of the City of Alton. Sunnybrook ultimately filed a motion for summary judgment on the issue, arguing that the second application was not subject to that plan development procedure, or PDP as we refer to it as. The Code defines PDP as a tract of land which is developed as a unit under single ownership or unified control, which includes two or more principal buildings or uses, and it follows applicable procedures of Alton's zoning ordinance. If a proposed development meets PDP under the Code, the proposed development must file an application with its area plan with the Alton City Administrator. That proposed plan is then a public hearing, and at that public hearing, adjacent landowners such as Victoria Rose would be able to participate in the process, and then a recommendation and report is made to Alton City Council, who then votes upon it. Sunnybrook's argument at the summary judgment level was that its proposed development is not subject to PDP. At that point in the litigation, Alton, the defendant, took a contrary position and held that PDP was required to be satisfied before the second building application could be approved. This matter was argued at summary judgment in front of Judge Dugan. Prior to the hearing on summary judgment, Alton requested and was granted the relief of filing a response of pleading prior to that hearing, a week prior to the hearing. Alton failed to ever submit a responsive brief to the motion for summary judgment a week before the hearing. In fact, no response was filed by Alton until only a day before the hearing, and as the record shows, upon the hearing, the morning of the hearing, Judge Dugan made clear that he had not received Alton's filing, he had not reviewed Alton's filing, and Alton's filing was not a response to the motion for summary judgment filed by Sunnybrook. Alternatively, what Alton had submitted was a cross motion for summary judgment. At the hearing date on Sunnybrook's motion for summary judgment, it was also clear that the City of Alton had sought to as a matter of law, PDP process applied to Sunnybrook's application. Judge Dugan made clear that none of the documents, that affirmative evidence that the City of Alton wanted the judge to consider as part of its cross motion was supported by affidavit, and as such, it was not before the court. Also, Judge Dugan granted Sunnybrook's motion for summary judgment immediately after the hearing. While a written order followed, the judge made clear that he rendered it as of the date of the hearing. This is important because Judge Dugan made clear on the record that he had not had the opportunity to review any of the affirmative evidence submitted by Alton in support of its position on motion for summary judgment. After the hearing, and after the initial litigation played out, Alton sought to appeal a few aspects of the initial litigation. One of the aspects it also sought to appeal was Judge Dugan's order on summary judgment. As the Fifth District has previously ruled in that litigation and on appeal, Alton failed to include the motion for summary judgment order as part of its notice of appeal. Accordingly, not only did Alton not get an opportunity to have its affirmative argument in front of the court as it stands right now, the only argument before the court at summary judgment was defense against Sunnybrook's entry of summary judgment, not Alton's entry for summary judgment and the alternative. But Alton also never properly appealed the summary judgment issue, and it was never brought before the Fifth District on appeals. This is important because in order for bringing a similar lawsuit, there must have been a full adjudication on the merits of the initial litigation. This is not a full final judgment on the merits of the PDP issue and the initial litigation. Victoria Rose, with Alton as its proxy, has not had its argument fleshed out. It has not had an opportunity to have its full argument heard, and most importantly, it has not had the opportunity on appeal for the Fifth District to consider its position. Further more than that, the City of Alton, as part of the process or its argument that PDP should apply, or rather that in the previous lawsuit and how it is identical to the current one. Why this is important is because there were a total of four building applications submitted by Sunnybrook for its proposed development. At issue with Judge Duggan was the second building application submitted by Sunnybrook. At issue in this litigation was the fourth building application submitted by Sunnybrook. The fourth building application has a cost in the amount of $11.8 million, an almost 37% increase over the $8.6 million cost considered as part of the second building application. In support for arguing that these two applications, the second and the fourth, are substantially the same, Sunnybrook has submitted two separate affidavits, one from Sam Shaw, who is affiliated with the City of Alton, and provides that Alton's independent engineer, John Hale, previously made, quote, comments and requests for modifications relating to the proposed building plan submitting with the building application. And beyond that, the changes in the fourth application are merely modifications in order to address those changes requested by Alton's independent engineer. At this point, Sunnybrook has a heavy burden of demonstrating with clear certainty that these two applications are the same, and Sunnybrook has failed to do that. Sunnybrook could very easily have done this by actually all the specificity regarding these two applications to the court so we could see. Instead of doing that, they provide a declaration from Brian Morsey of Morsey Construction, who provides that the design of Sunnybrook's development has not materially changed from the second application to the fourth application. They merely state that, well, one of our principles from our party says that it's not materially changed, so that must be the case. Again, Sunnybrook has had opportunity to submit these two applications in full with the supporting document, with the specifications, to show that these two are truly similar applications. Again, all we are left with on the face is that these applications are different, and they are significantly different, with a 37% cost increase between the second application and the fourth building application. With regards to the final judgment on the merits on the PDP issue, one of the most notable things is that the court should examine is comment H of the restatement, and if you excuse me for one moment here, the restatement makes clear that the situation that Sunnybrook has, where its proxy, which is the City of Alton in the initial litigation, represents a segment of the populace that is seeking to be defended during an agency litigation, and this is under comment H to section 28 of the second restatement of judgment. The purpose of PDP is purely for the protection of Victoria Rose, and those similarly situated. Not only would the interests at risk justify litigation of the PDP issue in their own right, but Victoria Rose was deprived the right to have the PDP issued on appeal, and then again, at the initial litigation, it was deprived the opportunity to present that affirmative evidence that at that point the city was seeking to establish. When did the corporation purchase the property? I believe Victoria Rose, your honor. Yes. I believe that the corporation purchased the property after the initial litigation concluded. My understanding of the elements for collateral estoppel is that there are three. One, the issue decided in the prior adjudications identical to the one in the present litigation. Two, there was a final judgment on the merits in the prior adjudication, and three, the issue of privity, and you didn't argue privity in your initial brief, so are you relying on the remaining two elements of collateral estoppel? I am, and there is a third requirement for collateral estoppel, and those are the general principles of equity. This is where that question of the privity does come into play a little bit, where Alton is the privity at the initial litigation for my client. Alton, as that proxy for my client, did not properly argue it. My client did not have the opportunity not only to argue at that level, but also at the appeals level. There is a technical issue here where the defendants argued that there only needed to be an opportunity to litigate for this issue to be completely litigated. That is not the case here. While there was an opportunity to litigate, the realities of litigation must be taken into consideration, and first and foremost, there was an attempt to litigate it by the City of Alton in the initial litigation. This cannot be seen as a concession on that issue, which is kind of the standard that the courts use. There is a weighing of the strategic elements of a case and whether or not the parties think that they have a good argument at appeals. That is not what happened here. What happened instead is they were not able to argue on appeal just due to a technical error in the way Alton submitted its notice of appeal. Because of that, Victoria Rose argues that collateral estoppel should not apply. Thank you, counsel. Obviously, you will have your time for rebuttal, but before we move on, Justice Vaughn or Justice Moore, do you have any questions at this time? No questions. No other questions at this time. Thank you. All right. Thank you. Mr. Meadows, go right ahead. Thank you, Judge. Your honors, may it please the court. My name is Gary Meadows. I represent Sunnybrook and Keller and Morrissey, and Keller and Morrissey are in this case primarily because they're working with Sunnybrook in terms of trying to get the permit and the approved and the development, but Sunnybrook is the primary actor in terms of trying to get this housing built in Alton. I think Joe did a pretty good job of laying out some of the facts. He's left out some things, which we'll get into, but when this case was first, the attempt to get this housing moving has been in line for about six years now. We started back in about 17. It wasn't me. It was Mr. Carruthers. Andy Carruthers was representing Sunnybrook at that time, but he was involved in the litigation with Alton, which took, what, two, three, four years. We thought we were through that at the end, and then Victoria Rose comes along, and here we are for another couple of years of litigation. We're just trying to move this thing through, and we believe that collateral estoppel specifically bars Victoria Rose. Indeed, when I first filed my motion to dismiss, it seemed to me that it was a fairly straightforward issue. You look at the elements of collateral estoppel, and the elements, as you've pointed out, is it the same issue? There's no doubt that Judge Dugan ruled on the issue of whether or not the 10 fourplex housing units met the zoning ordinance or whether, on the alternative, some extra exception under PDP was required. It's the same issue. The Victoria Rose has conceded in this case that it is in privity with the City of Alton. It stands in its shoes, in other words, and it was actually litigated. As I listened to Mr. Harvath argue about what actually happened in front of Judge Dugan, I can't help but think that it's a little disrespectful to Judge Dugan. If you read the transcript, and the transcript is in the record. It's presented to this court and to Judge Jumper, who granted the motion to dismiss. There was a motion for summary judgment, a cross motion for summary judgment. Judge Dugan heard arguments. I don't know how long it extended because I wasn't present, but there's approximately 70 of the 100 pages of transcript is dedicated to a discussion and debate about whether this housing satisfies our four multifamily residential zoning that Alton permits, or whether in some way it doesn't and therefore has to go through extra special procedures designed to create additional hurdles and probably try to knock it down. I'll talk about that a little bit more later, but the bottom line is Judge Dugan worked very hard at that. It was clear he was reading the ordinance, discussing it with both parties, trying to figure out, based upon what was presented to him, whether or not 10 fourplex housing units meets multifamily residential. He decided it did. That's the issue that's clearly squarely before this court and before Judge Jumper. The collateral estoppel is designed to prevent people from having the burden of continuing repetitive litigation. That's exactly what this is. I will just the first issue. Is this the same issue? Mr. Harvath has commented that somehow there was a second application that was put in the name of the to be formed partnership, and that we are somehow comparing that one to the fourth building permit application that is currently before the city of Alton. The fourth building permit application after this court's decision, we realized we had to go back and update the building permit application. It had been approximately two or three years since the prior building permit application. In the meantime, there had been a worldwide pandemic. Bottom line is, in order to update the building permit application, one had to get an increase or had to update what the costs were going to be. That's had increased more than 30% over the course of the pandemic. We went from 8 point something million to 11 point something million. That was directly in response to the idea that somehow we're doing something completely new. The four building permit applications look exactly the same. It's 10 fourplex units that we're talking about building. There's nothing new or different about them. We explained the costs. We said specifically that the layout and the buildings have not materially changed. It's the exact same issue. Victoria Rose has suggested somehow that we haven't met the burden and we should somehow load up the court with all the blueprints. That's not what's called for. The bottom line is we're talking about the zoning issues and whether or not 10 fourplex buildings meet the zoning issues. Judge Dugan found they did. Victoria Rose now goes back before Judge Jumper and says we shouldn't account for what Judge Dugan did. You should have to start all over again. The bottom line is all this is is an updated application. To the extent, I'm not sure it came through in the oral argument, but they've also suggested somehow that the second application has nothing to do with the fourth application because they were put in the name of the to be formed partnership. Then the fourth application was in the name of the partnership. What they didn't mention was the third application that was filed literally, I think, a week and a half after the second building permit application when the applicant realized that they had left the to be formed partnership and Sunnybrook had already been formed. They filed the third application. It said Sunnybrook and the second and third applications were what was at issue before this court during the last round of in substance. The only difference is the cost. The issue is completely identical. It just is. That element of clearly met. The next issue is what Mr. Harbeth has suggested is that this was not litigated before Judge Dugan. As I mentioned earlier, Judge Dugan worked his tail off in terms of trying to shepherd this through because respectfully Alton was throwing out whatever arguments and it was the then administration of Alton and that was several years ago. They were throwing out any number of legal issues that they thought may get in the way and this zoning issue was just another one. Ironically, Alton for the first year when it was endorsing this project said the zoning was fine. It was only when it came to litigation they then decided zoning should not. They wanted to fight about zoning and we did fight about zoning and Judge Dugan worked his tail off to work his way through the ordinance to work his way through and see whether or not this was multi-family residential or it wasn't. If at fault on a multi-family residential, it was permitted and it's allowed to do without any further process. We're allowed to do it. Now Mr. Harbeth has suggested that there was affirmative evidence that somehow should have changed the outcome if it was brought in. The affidavit he's referring to I believe was Deanna Barnes who was an employee of Alton at the time and all her affidavit did was record her interpretation of the ordinance which isn't even admissible evidence anyway. It's just simply something she's giving. The attorney wrote up his view of how the ordinance should be had her sign it. It doesn't matter because this is a question of law and Judge Dugan recognized that as did Judge Jumper in this case. It was simply a question of law as to whether or not multi-family residential is allowed under the R4 zoning or whether we have to run it through various issues through the planning commission and through the council. As an aside, the owner of Victoria Rose is a gentleman named Jonas Janik who was on Alton's planning commission. So as you might guess, it's not shocking that we would want to avoid going before the very political body, one of whose members is the person who is trying to defeat us in this case. So we know how that's going to shake out which is why this is so incredibly important that we'd be allowed to move forward without any more obstacles being placed in the way. So the bottom line is that this was litigated and I'll just read a few quotes from Judge Dugan. In the 70 pages where he's arguing about it, he says, I just don't see where PDP applies. He says, it is at best ambiguous and a struggle to agree with Brian who is counsel for the city of Alton and to disregard the definition of multi-family residence in the code. So he thought he was being asked to disregard the definition of multi-family residence. Then he says, I just don't see where PDP even applies. So he's looking at it hard and he says, I don't see it. This is multi-family residential. And so that's how we came to the ruling that we do not have to go through PDP. So the bottom line is that he worked his tail off to get there and to suggest that it wasn't actually litigated is just not accurate. And the issue of the appeal, there was an appeal. The PDP issue was not raised, was not included in the notice of appeal, but that doesn't in any way bar the issue of collateral estoppel. The collateral estoppel requires a fair opportunity to litigate. It doesn't require, and if you read the case law, it doesn't require thorough litigation. It requires an opportunity to litigate. The restatement, I believe it's section 13 talks about, and if I may be incorrect on that, because my numbers get a little muddled, but the restatement specifically says if there's the opportunity appeal and you elect not to do that, you still are bound by collateral estoppel. Otherwise you end up in a situation where people decline to take up appeals. So hoping, I guess, they are not going to be bound by the rulings of the court in a subsequent litigation. So the bottom line is there was a full and fair opportunity to litigate this thing. And ironically, the then corporate counsel for the city of Alton actually won that appeal before your honors in terms of getting the writ of mandamus overturned because of some discretion as to fire suppression issues. So it's interesting that Victoria Rose is prepared to accept that win, but they're not prepared to accept that there may be losses along the way that the city of Alton is stuck with and thereby the Victoria Rose is also stuck with. Mr. Harbath also commented that somehow he as Victoria Rose ought to be entitled to some special consideration because under common to give due consideration to the interest of others not before the court. That's fine. What he didn't tell you about is that the same restatement then talks about when that should actually be in play. And comment G says it's the rare exception where the interest support a new determination of an issue already determined. It should not be encouraged and it can only occur when the need for a redetermination is a compelling one. There is no compelling need to redetermine this issue. We are simply trying to put up some 10 fourplex housing areas in an undeveloped area and to continue to allow this process to play out is simply in my estimation an attempt to continue to stall this attempt at housing in the hopes of either litigation fatigue, financial failure or something. We've been going on six years now and we want to try to move forward and it's time to try to bring this thing to a close. So in sum the elements of collateral stop were clearly met here. There is privity. It's the exact same issue. There was a full and fair adjudication, a full and fair opportunity to litigate and so the elements are met and we and it's time to try to bring this case to a close. Thank you. Thank you Mr. Meadows. Before we move on Justice Braun or Justice Moore did you have any questions at this point? No questions. One brief question Mr. Meadows you talked about the exceptions. Those exceptions as you mentioned I think are are rare and kind of for example one of them is concealment of by fiduciary or a situation where no appeal could have been taken. Is that correct? Yes well well where there's a fiduciary but where an appeal the exception doesn't apply where an appeal could have been I'm sorry the exception doesn't apply where appeal could have been taken but wasn't. It doesn't collateral the exception may apply where there was no opportunity to take an appeal. For example there's no substantive for administrative reasons there was no vehicle by which to seek an appeal and in that case collateral estoppel may not apply. All right thank you. Thank you. Well thank you Mr. Meadows. Mr. Harbaugh go right ahead with your rebuttal. Sure thank you your honors. I just wanted to touch briefly I believe Mr. Meadows made a comment that our argument is somehow disrespectful to the efforts that Judge Dugan took. I don't think that in anywhere clearly or accurately reflects what our argument truly represents. What we are saying is that in front of Judge Dugan at summary judgment Alton attempted to bring in evidence. Alton attempted to file his cross motion for summary judgment but for two reasons Alton was not properly able to do so. The first is that Judge Dugan only got that information the morning of the he referenced the materials that Brian Schrempf the attorney for Alton had filed her VA fix something along these lines. And in addition to that he made the clear comment that none of the affirmative evidence sought by the city of Alton was supported by affidavit. This is in no way any issue with the way Judge Dugan handled that hearing. Alternatively we are stuck with the record on review and we are stuck with what Judge Dugan was able to consider at the motion for summary judgment. Saying that Judge Dugan was not able to consider as a matter of law some of the information that the city of Alton wanted him to consider as part of this hearing is no way disrespectful to him or the process he reached in reaching his conclusion. It's more a matter of the reality of the litigation which is one of the factors that needs to be considered when determining whether collateral estoppel applies. Beyond that it looks like the defendants also tried to argue that there was a fair opportunity to litigate. There was a fair opportunity to litigate here. There was a fair opportunity to appeal it. While that is the determination for purposes of collateral estoppel there is a nuance here where it was attempted to appeal. At this point Mr. Meadows refers to section 28 of the restatement of judgments and it provides that collateral estoppel applies where review is available but not quote sought. There was appeal sought in this initial litigation. There was an appeal of that motion for summary judgment. It was attempted to be carried out. This is in by no means the city during the initial litigation weighing its options and saying we don't think we're going to be successful on this so we're not going to bring it. They tried to bring it. They attempted to bring it on appeal. They just failed to notice it up and because they failed to notice it up it wasn't considered. So now we have a situation where at the trial court level Judge Dugan not due to his fault was unable to review all the information and the arguments the city of Alton wanted to make and then on appeal the city of Alton was not able to make all the arguments that it wanted to make not due to a cessation or not wanting to bring the argument but just due to his failure to do it properly. Victoria Rose is going to be bound by this. They're going to be bound by this partial argument, this partial litigation by the city of Alton at the trial court level. This goes hand in hand with what I was referencing before. Common age to the restatement of judgments section 28 clearly provides for this textbook example. I'm quoting here for example an agency of government such as the city of Alton may bring an action for the protection or relief of particular persons such as Victoria Rose. In such cases when a second action is brought due consideration of interest of people not themselves before the court here Victoria Rose and the prior action may justify re-litigation of an issue actually litigated and determined. I think that is clearly this situation. Alton failed to bring a full argument. Victoria Rose is going to be bound by that. Victoria Rose did not have the opportunity when the initial litigation first came around to step in and make its arguments and Alton didn't make it on its behalf. This is not the failure Judge Dugan. This is not the failure of the appellate court. This is just the reality that Victoria Rose has not had its day in court. It has not had the appellate review it's entitled to. This goes hand in hand with the equity. Mr. Meadows has been arguing that the defendants this is unfair to them. I understand that point. I understand that argument for purposes of this issue. There is no consideration at all for the defendants. I do not think the court should take that into any consideration at all. Separate or apart from that it was the defendant's burden to show that the two applications were the same and the defendants have not clearly demonstrated that here. Collateral estoppel should not apply and the plaintiff Victoria Rose should have the for the day. Justice Vaughn or Justice Moore do you have any final questions? I do not. Thank you. No. Well counsel obviously we will take the matter under advisement and we will issue an order in due course.